[No. 5507. Decided October 16, 1905.]

WALLA WALLA COUNTY, *Respondent,* v. THE OREGON
RAILROAD & NAVIGATION COMPANY, *Appellant.*[1]

HIGHWAYS — TAXES — REFUND CERTIFICATES — RECOVERING MONEY
PAID ON FRAUDULENT CERTIFICATE. Where a railroad company em-
ployed a county road supervisor to work out its road tax, for the
purpose of securing a refund of the taxes paid to the county, the
supervisor acts as the agent of the company and not in his official
capacity and the railroad company would be liable to the county for
the amount of the refund received by it in good faith upon the fraud-
ulent certificate of the supervisor, issued without having done the
work; since the knowledge of the supervisor as agent of the company
would be imputed to it, and in such case the county would not be
estopped by reason of the act of the supervisor as its officer.

SAME—PARTIES. In an action by a county to recover a refund paid
to a taxpayer through the fraudulent act of a county road supervisor
in wrongfully issuing a certificate, the supervisor is not a necessary
party defendant.

LIMITATIONS—FRAUD. The statute of limitations does not begin
to run against an action by the county to recover money paid upon
a fraudulent road tax refund certificate until the money was refunded
and the fraud discovered.

TAXES—HIGHWAYS—REFUND CERTIFICATES—ACTIONS. An action
by a county to recover a refund upon a road tax is an action for
money paid and not one to recover taxes.

SAME—DEFENSE—VALIDITY OF TAX. One who voluntarily pays a
tax cannot raise objections as to its validity.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered October 7, 1904, on motion
of the plaintiff, upon the pleadings and a stipulation, in an
action to cancel a road property tax certificate and recover
the money refunded thereon.    Affirmed.

*W. W. Cotton, Arthur C. Spencer,* and *James G. Wilson,*
for appellant, contended, among other things, that the county
was estopped to repudiate the act of its officer acting within

[1] Reported in 82 Pac. 716.

the scope of his authority, and the taxpayer had a right to rely upon the certificate. Mechem, Public Officers, § 842; *People ex rel. Ambler v. Auditor General,* 38 Mich. 746; *Curnen v. The Mayor,* 79 N. Y. 511; *People v. Stephens,* 71 N. Y. 527; *O'Leary v. Board of Education,* 93 N. Y. 1, 45 Am. St. 156; *Dennison v. Keokuk,* 45 Iowa 266; *Austin v. Bremer County,* 44 Iowa 155; *Thorington v. City Council,* 88 Ala. 548, 7 South. 363; *American Bridge Co. v. Wheeler,* 35 Wash. 40, 76 Pac. 534; *Chicago etc. R. Co. v. Joilet,* 79 Ill. 25; *Logan County v. Lincoln,* 81 Ill. 156; *Block v. Commissioners,* 99 U. S. 686, 25 L. Ed. 491; *Lyons v. Munson,* 99 U. S. 684, 25 L. Ed. 451; *Town of Weyauwega v. Ayling,* 99 U. S. 112, 25 L. Ed. 470; *Hackett v. Ottawa,* 99 U. S. 86, 25 L. Ed. 363; *County of Warren v. Marcy,* 97 U. S. 96, 24 L. Ed. 977; *County of Tipton v. Locomotive Works,* 103 U. S. 523, 26 L. Ed. 340; *Harter v. Kernochan,* 103 U. S. 562, 26 L. Ed. 411; *County of Jasper v. Ballou,* 103 U. S. 745, 26 L. Ed. 422; *Insurance Co. v. Bruce,* 105 U. S. 328, 26 L. Ed. 1121; *Sherman County v. Simons,* 109 U. S. 735, 3 Sup. Ct. 502, 27 L. Ed. 1093.

*John L. Sharpstein* and *Lester S. Wilson,* for respondent, to the point that there is no estoppel as to the wrongful acts of officers of a municipal corporation, cited: *Board of Comr's v. Nelson,* 51 Minn. 79, 52 N. W. 991, 38 Am. St. 492; *Caspary v. Portland,* 19 Ore. 496, 24 Pac. 1036, 20 Am. St. 842; *Bulger v. Eden,* 82 Me. 352, 19 Atl. 829; *Mayor v. Ray,* 19 Wall. 468, 22 L. Ed. 164; *Martel v. East St. Louis,* 94 Ill. 67; *Axt v. Jackson School Tp.,* 90 Ind. 101; *Berry v. Bickford,* 63 N. H. 328; *Sievers v. San Francisco,* 115 Cal. 648, 47 Pac. 687, 56 Am. St. 153.

Root, J.—This action was instituted by respondent to cancel a road property tax certificate executed and delivered to the appellant by the road supervisor of road district No. 31, of Walla Walla county, and to recover a road tax of

$295.62. From a judgment in favor of respondent, this appeal is taken.

The sum of $295.62 was assessed and levied against appellant's property in said road district for the year 1901, which amount appellant paid to the county treasurer. Under the statute, appellant had the right to do work itself, or hire the same done, in said district, and thereupon secure a certificate from the road supervisor of said district, upon which certificate it could obtain from the county treasurer a refund of the amount theretofore paid by it. One Thompson was road supervisor of said district during the years 1901 and 1902. Appellant contracted with said Thompson to work out the $295.62 tax assessed against it as aforesaid, and paid him $221.71 as compensation for so doing. Thompson did not do the work nor any part thereof, but falsely and fraudulently issued to appellant a certificate that the requisite amount of labor had been done to satisfy said tax of $295.62. Appellant, in good faith as a matter of fact, presented this certificate to the county treasurer and received $295.62 therefor. Neither appellant nor the county treasurer nor any other county official, excepting Thompson, knew that the work had not been performed. The respondent, upon learning of the fact, demanded a repayment of the money refunded to appellant and, this demand being refused, began this action.

We think the trial court's judgment should be sustained. Under the statute, appellant was entitled to a refund only in consideration of its doing work in the road district equal in value to the amount of the tax paid in. It is urged by appellant that it acted in good faith and that the fraud was on the part of respondent's official, the road supervisor; that said official was the only one authorized to issue certificates; and that, when he did so, appellant had a right to rely upon it. Under some circumstances, the argument would be sound. But its weakness here lies in the fact that this road supervisor was not only an officer of the county in this transaction,

but he was also the agent of appellant.  The $221.71 was paid by appellant to Thompson as its agent and not to him as road supervisor.  The contract to do the work was with him as its agent and not as a public official.  Neither the county, nor its road supervisor, in such capacity, was a party to the contract between appellant and Thompson, as an individual.  As an official, Thompson had no authority, actual or apparent, to enter such a contract.

Ordinarily, an innocent party acting in good faith may rely upon the actions of a public official (except in the exercise of certain governmental functions) within the apparent scope of his authority, and may hold the municipality liable for such acts of its official.  But here the appellant is not, in contemplation of law, an innocent party.  Thompson was its agent.  As such, he knew that the work had not been performed when he executed and delivered the certificate. He knew that he was perpetrating a fraud.  A knowledge of all this being possessed by appellant's agent, must, as a matter of law, be imputed to it as principal.  Where an official or agent performs, in favor of a certain person, an act which he has no right to do, although it comes within the apparent scope of his authority, his action cannot be held to bind his principal in favor of said person who has knowledge of his lack of authority.  In this case Thompson, as road supervisor, had no right to issue a certificate until the requisite amount of work was done.  Thompson, as appellant's agent, knew this and knew that the work was not performed, and that the certificate was illegally and fraudulently issued.  As appellant's agent, it was his duty to impart this information to his principal.  In not doing so, he has caused his employer to suffer as those must who are so unfortunate as to employ unfaithful agents.

The certificate in itself has no virtue.  The consideration for the refunding of the tax was not the possession of a certificate, but the performance of the work.  The certifi-

26—40 WASH.

cate was intended merely as the evidence of the work having been done. Within the meaning of the statute, the performance of the work constituted the consideration for the withdrawal of the money. Consequently, when appellant, by means of a fraudulent certificate, secured a refund without having performed the road work, it received something for nothing. It acquired money from the county for which it gave that municipality no equivalent. The money, thus paid it, was the fruit of a fraud perpetrated by a man acting in a dual capacity, agent of appellant and official of respondent. Municipalities should not be holden for malfeasances of their officials committed under such circumstances. The money having been obtained without consideration and without authority of law, and as a result of fraud participated in by appellant's agent, the county is entitled to maintain its action.

It is urged that Thompson was a necessary party defendant. We do not think so.

Appellant also claims that the county waived any right of action it may have had by not commencing the same within two years from the date appellant received the certificate. In a case of this kind, the statute of limitations could not begin to run until the money was refunded and the fraud detected by the complaining party.

It is contended that a money judgment cannot be had because this is a tax and not a debt. The tax was paid. Appellant did not withdraw a tax—it withdrew $295.62 of the county's money. The action is as for money had and received—not to recover a tax due.

It is also asserted that no showing is made as to this being a just or legal tax that was assessed and levied against appellant's property. As appellant voluntarily paid the tax, we do not think it can now be heard to question its validity.

It is also insisted that the county is estopped to repudiate the action of one of its officials. What we have said hereinbefore shows that no principle of estoppel can be invoked

against a municipality under circumstances of this character.

Appellant contends that if the certificate is cancelled, it still has the right to work out the tax. If so, it will doubtless be able to have its money refunded, after it has paid the judgment herein, if the statute so permits. This question is not here for decision. Other questions are suggested, but what we have already said disposes of them.

The judgment of the superior court is affirmed.

MOUNT, C, J., CROW, RUDKIN, FULLERTON, HADLEY, and DUNBAR, JJ., concur.